IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN L. WILLIAMS,**

    Petitioner,

    v.

**CHARLOTTE JENKINS, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,**

    Respondent.

**CASE NO. 2:16-CV-00666
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth Preston Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as well as a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) Because the information contained in the affidavit relates to his financial condition when he was incarcerated, and he has since been released from prison, Petitioner's Motion for Leave to Proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**. If the matter proceeds, Petitioner will be directed to file another application with his current information. Nonetheless, for purposes of the following analysis, the Clerk is **DIRECTED** to file the Petition.

This matter is before the Court on its own motion to consider the sufficiency of the *Petition,* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Facts and Procedural History

Petitioner challenges his June 28, 2008 convictions pursuant to his guilty plea on two counts of sexual battery in the Delaware County Court of Common Pleas. *See State v. Williams*,

Case No. 15CAA 03 0023, 2015 WL 6739561 (Ohio App. 5th Dist. Nov. 3, 2015). According to the *Petition*, on August 18, 2008, the trial court imposed consecutive sentences of four years of incarceration on each count. (PageID# 6.) Petitioner did not file an appeal. Petitioner indicates that he did not know, and neither the trial court nor trial counsel advised him, that he had a right to do so.

On November 25, 2014, Petitioner filed a "motion to present plain errors and defects and request for an evidentiary hearing to correct an illegal sentence" in the state trial court. He asserted therein that his convictions constituted allied offenses of similar import, that the trial court erred in imposing consecutive sentences, failed to advise him of his right to appeal at sentencing, and that he had been denied the effective assistance of counsel. *Williams,* 2015 WL 6739561, at *1. "The trial court overruled the motion, finding that [Petitioner's] claims should have been raised on direct appeal or pursuant to a timely petition for postconviction relief under R.C. 2953.21." *Id*. Petitioner filed a timely appeal. On November 3, 2015, the appellate court affirmed the trial court's dismissal of petitioner's motion as an untimely petition for post-conviction relief. *Id*. On March 23, 2016, the Ohio Supreme Court declined jurisdiction of the appeal. *State v. Williams,* 145 Ohio St.3d 1423 (Ohio 2016).

On July 1, 2016, Petitioner executed the instant habeas corpus petition. (PageID# 3.) Petitioner asserts that the state courts "erred in denying a properly titled motion to present plain errors and defects, and request for an evidentiary hearing to correct an illegal sentence as provided for under the provisions within Criminal Rule 52(B)" (claim one); that his convictions constitute allied offenses of similar import (claim two); and that he was denied the effective assistance of counsel because his attorney led him to belief that his convictions would be merged

at sentencing and he would be sentenced to no more than four years in prison and would be able to obtain early release, and failed to advise him of his right to appeal (claim three).

## Claim One

To the extent that Petitioner asserts that the state courts improperly denied his motion to present plain errors and defects and request for an evidentiary hearing to correct an illegal sentence as an untimely post-conviction petition, such claim fails to provide a basis for federal habeas corpus relief.

> The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (rejecting as noncognizable in habeas corpus claim that Ohio's post-conviction scheme fails to provide defendants an adequate corrective process for reviewing claims of constitutional violations) (citing *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986)), cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby*, 794 F.2d at 247; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby*, 794 F.2d at 247–48.

*Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990-91 (S.D. Ohio 2009) (footnote omitted).

To the extent that Petitioner raises an issue regarding the alleged violation of state law, such claim likewise fails to provide a basis for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only if the petitioner's challenge to his confinement is predicated on an alleged violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); § 2254(a). Thus, a federal court may not issue a writ of habeas corpus "on

the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). It is only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Therefore, claim one fails to warrant federal habeas corpus relief.

## Statute of Limitations

Further, the record reflects that Petitioner's remaining claims are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the

>   pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Applying the language of 2244(d)(1)(A), Petitioner's conviction became final in September 2008, thirty days after his judgment entry of sentence, when the time period expired to file a timely appeal. *See Worthy v. Warden*, No. 2:12-cv-652, 2013 WL 4458798, at *2 (S.D. Ohio Aug. 19, 2013) (citing *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir.2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A)). The statute of limitations therefore expired one-year later, in September 2009. Petitioner waited approximately six years and nine months later, until July 1, 2016, to execute this habeas corpus petition. His November 24, 2014, motion in the state trial court did not toll or otherwise affect the running of the statute of limitations because the statute of limitations had already long since expired prior to the date that Petitioner filed such motion, and the state courts denied the motion as untimely. "The tolling provision does not . . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6 Cir. 2003) (citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley*, 66 F. App'x 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2008) ("[T]ime limits, no matter their form, are 'filing' conditions," and where the state court rejects a post conviction or collateral action as untimely, it is not "properly filed" so as to toll the running of the statute of limitations under § 2244(d)(2)). Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) (A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace*, 544 U.S. at 418).

Petitioner alleges that he did not know about and was not advised of his right to appeal. In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that, where a criminal defendant is not advised of and does not know of his right to appeal, those claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.
>
> * * *
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].
>
> *Wims*, 225 F.3d at 190–91 (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id*. at 470–471 (citing *Wims v. United States*, 225 F.3d 186 (2nd Cir. 2000)). "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.*, at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also construes *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), requiring consideration of the petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence.

6

*See Neu v. Brunsman,* No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010) (same) (citing *Pierce v. Banks*, No. 2:09-cv-00590, 2009 WL 2579202 (S.D. Ohio Aug.20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan.29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson*, Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 20009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk. . . to '[notice] that [he] was never informed of his right to appeal[.]'") Petitioner has failed to establish he acted diligently.

Lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999); *United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). Petitioner waited more than six years after sentencing to file a collateral action in the state trial court. He does not indicate that he took any action during this time to learn about his right to appeal, nor does he indicate any reason that would have prevented him from earlier learning about the right to appeal. Nothing in the record indicates that Petitioner's conditions of confinement prevented him from visiting the prison's law library or learning about the right to appeal. Petitioner has not advanced any reason that he could not have earlier learned about such right. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at

7

*12 (N.D. Ohio Feb. 6, 2009) (declining to find that the petitioner acted diligently under such circumstances) (citing *McIntosh v. Hudson*, No. 1:07cv2583, 2008 WL 4758695, at *9 (N.D. Ohio Oct. 28, 2008) (petitioner did not act diligently where he pursued his appellate right only after a law clerk approached him and informed him of the trial court's error in failing to advise him of his right to appeal); *see also Baker v. Wilson*, No. 5:06 CV 1547, 2009 WL 313325, at *1-2 (N.D. Ohio Feb. 6, 2009) (concluding that the petitioner failed to act diligently in waiting three years to learn about his right to appeal, noting that "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights" and "[a] period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.") (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D.Ohio 2008); *Ward v. Timmerman-Cooper*, No. 2:07-cv-41, 2008 WL 214411, at *5 (S.D. Ohio Jan. 23, 2008) (no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the *petitioner* to pursue his rights[.]" *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218.  To the contrary, even after being advised by the state appellate court in November 2015, regarding his right to appeal, to date, Petitioner has failed to pursue such action.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date:  July 13, 2016

              s/ *Elizabeth A. Preston Deavers*
             Elizabeth P. Preston Deavers
             United States Magistrate Judge

Case: 2:16-cv-00666-GCS-EPD Doc #: 4 Filed: 07/13/16 Page: 10 of 10  PAGEID #: 32