# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRIAN L. WILLIAMS,**

        **Petitioner,**

                                   **CASE NO. 2:16-CV-666**

    v.                               **JUDGE GEORGE C. SMITH**

                                   **Magistrate Judge Deavers**

**CHARLOTTE JENKINS, WARDEN,**
**CHILLICOTHE CORRECTIONAL**
**INSTITUTION,**

        **Respondent.**

## OPINION AND ORDER

On July 13, 2016, the Magistrate Judge issued an *Order and Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts denying without prejudice Petitioner's *Motion for Leave to Proceed in forma pauperis* and recommending that this action be dismissed.  (ECF No. 4).  Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation.*  (ECF No. 7).  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 7) is **OVERRULED**.  The *Order and Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

This case involves Petitioner's June 28, 2008 convictions pursuant to his guilty plea on two counts of sexual battery in the Delaware County Court of Common Pleas.  On August 18, 2008, the trial court imposed an aggregate term of eight years of incarceration.  Petitioner did not file an appeal.  He asserts that he did not know, and neither the trial court nor trial counsel advised him, that he had a right to do so.  On November 25, 2014, Petitioner filed a "motion to

present plain errors and defects and request for an evidentiary hearing to correct an illegal sentence" in the state trial court.  The trial court denied the motion.  On November 3, 2015, the appellate court affirmed the trial court's dismissal of the action as an untimely petition for post-conviction relief.  *State v. Williams*, No. 15CAA 03 0023, 2015 WL 6739561 (Ohio App. 5th Dist. Nov. 3, 2015).  On March 23, 2016, the Ohio Supreme Court declined jurisdiction of the appeal.  *State v. Williams*, 145 Ohio St.3d 1423 (Ohio 2016).

On July 1, 2016, Petitioner executed the instant habeas corpus petition.  He asserts that the state court improperly denied his "motion to present plain errors and defects and request for an evidentiary hearing to correct an illegal sentence" (claim one); that his convictions constitute allied offenses of similar import (claim two); and that he was denied the effective assistance of counsel because his attorney told him his convictions would be merged at sentencing, he would be sentenced to no more than four years in prison and would be able to obtain early release, and failed to advise him of his right to appeal (claim three).  The Magistrate Judge recommended dismissal of claim one as failing to present an issue appropriate for federal habeas corpus relief and the remainder of Petitioner's claims as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

Petitioner objects to the Magistrate Judge's denial of his *Motion for Leave to Proceed in forma pauperis.*  He indicates that he was incarcerated and indigent on July 1, 2016, when he filed the *Petition*, and although he has been subsequently released, has been unable to find gainful employment.  He indicates that he remains unable to pay the filing fee.  As noted by the Magistrate Judge, however, the information Petitioner provided in his *Motion* was not current such that the Court could not determine based on the affidavit before it whether he was still indigent.  As the Magistrate Judge indicated, if the matter were to proceed, he would have been

given the opportunity to file another application with current information.  Given that the matter

will not be proceeding at this time, Petitioner's *Objection* in this regard is moot.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim one as

failing to present an issue appropriate for habeas corpus relief.  According to Petitioner, he does

not seek to challenge errors or deficiencies in Ohio post-conviction proceedings, but the legality

of his sentence.    (PageID# 38-40).    Petitioner also objects to the Magistrate Judge's

recommendation of dismissal of claims two and three and untimely.  Petitioner argues that he

was denied his right to appeal.  He asserts that he was denied the effective assistance of counsel

because his attorney told him he could not file an appeal or pursue post-conviction relief.

Petitioner again argues that the trial court imposed an illegal sentence, because the charges

against him should have been merged at sentencing.  Petitioner argues that this action is timely

under 28 U.S.C. § 2244(d)(1)(D), because his attorney told him he had no right to an appeal or

post-conviction relief, and it took him a number of years to discover his rights.  Petitioner argues

that equitable tolling of the statute of limitations is appropriate, asserts that he acted diligently in

pursuing his rights, and claims that an extraordinary circumstance prevented his timely filing.

The Court is not persuaded by Petitioner's arguments.  To the extent that Petitioner

asserts that the state courts improperly denied his petition for post-conviction relief or violated

state law in dismissing his motion, this claim simply does not present a basis for federal habeas

corpus relief.  *See Wright v. Lazaroff*, 643 F.Supp.2d 971, 990-91 (S.D. Ohio 2009) (errors in

state post-conviction proceedings do not provide a basis for habeas corpus relief)(citations

omitted); 28 U.S.C. § 2254(a).

Further, Petitioner's claims plainly are time-barred.  He waited more than six years, until

July 1, 2016, to file this habeas corpus petition challenging a final judgment of conviction from

September 2008.  He took no action whatsoever regarding his claims until November 2014, when he filed his post-conviction petition in the state trial court.  Further, he fails to provide any explanation for the reason for such a delay in pursuing or discovery of his rights, and nothing in the record supports his allegation that extraordinary circumstances prevented his timely filing.  To date, Petitioner has not pursued a delayed appeal, despite being advised by the state courts of this avenue of relief.  Additionally, Petitioner waited more than three months after the Ohio Supreme Court dismissed his post-conviction appeal to execute this habeas corpus petition.  Contrary to Petitioner's allegation here, nothing in the record supports his allegation that he has acted diligently in pursuing relief.

Therefore, for these reasons, and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 7) is **OVERRULED**.  The *Order and Report and Recommendation* (ECF No. 4) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

4