# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**BRIAN L. WILLIAMS,**

        Petitioner,

        v.

**CHARLOTTE JENKINS, WARDEN,**
**CHILLICOTHE CORRECTIONAL**
**INSTITUTION,**

        Respondent.

**CASE NO. 2:16-CV-666**
**JUDGE GEORGE C. SMITH**
**MAGISTRATE JUDGE DEAVERS**

## OPINION AND ORDER

On August 18, 2016, *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 9). This matter is before the Court on Petitioner's September 19, 2016, *Notice of Appeal*, which the Court construes as a request for a certificate of appealability, and *Motion for Leave to Appeal in forma pauperis*. (ECF Nos. 10, 11).[1] For the reasons that follow, Petitioner's request for a certificate of appealability and *Motion for Leave to Appeal in forma pauperis* (ECF Nos. 10, 11) are **DENIED**.

The Court dismissed the habeas corpus petition as failing raising an issue that fails to provide a basis for relief and barred by the one-year statute of limitations provided for in 28 U.S.C. § 2244(d). Petitioner seeks a certificate of appealability.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. §

---

[1] Under Fed. R. App. P. 4(a)(1)(A), an appeal must be filed within thirty days after entry of judgment of the order being appealed; however, because that date, i.e., September 17, 2016, fell on a Saturday, Petitioner had until the following Monday, or September 19, 2016, within which to file the appeal. *See* Rule 26(a)(1) of the Federal Rules of Appellate Procedure.

2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n.4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to establish that reasonable jurists would debate whether the Court correctly dismissed Petitioner's claims. Petitioner asserts that the state courts improperly denied his petition for post-conviction relief, which issue plainly does not warrant federal habeas corpus relief. *See Wright v. Lazaroff*, 643 F. Supp. 2d 971, 990-91 (S.D. Ohio 2009) (errors in state post-conviction proceedings do not provide a basis for federal habeas corpus relief); 28 U.S.C.

2254(a).  He additionally challenges a final judgment of conviction from September 2008. However, he waited approximately six years and nine months, until July 1, 2016, to execute this habeas corpus petition.  He took no action whatsoever regarding his claims until November 2014, after the statute of limitations had long since expired, when he filed a post-conviction petition in the state trial court.  Under these circumstances, the record fails to support equitable tolling of the statute of limitations.  *See Holland v. Florida*, 560 U.S. 631, 650 (2010)(A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2008)).

Pursuant to 28 U.S.C. § 1915(a) (3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24(a)(3)(A) also provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court-before or after the notice of appeal is filed- certifies that the appeal is not taken in good faith[.]

*Id*. In addressing this standard, another court has explained:

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id*. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir.1983).

*Frazier v. Hesson,* 40 F. Supp. 2d 957, 967 (W.D. Tenn.1999). However,

3

> "the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill–Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir. 2000).

*Penny v. Booker*, No. 05–70147, 2006 WL 2008523, at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal is not in good faith.

Petitioner's request for a certificate of appealability and *Motion for Leave to Appeal in forma pauperis* (ECF Nos. 10, 11) therefore are **DENIED**.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**